NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIDIA RUBI CORTEZ TELLEZ; TERESA ESMERALDA CORTEZ CORTEZ; LUCIA CORTEZ CORTEZ; LUIS RODRIGO CORTEZ CORTEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1401 <br><br> Agency Nos. <br> A208-118-072 <br> A208-118-074 <br> A208-118-073 <br> A208-118-075 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2023
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF, District
Judge.<sup>**</sup>

Petitioner Lidia Rubi Cortez-Tellez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA" or the "Board")

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

dismissal of her appeal from an immigration judge's ("IJ") determination that she had abandoned her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and, because the Board did not expressly adopt any part of the Immigration Judge's ("IJ") decision in its opinion, we limit our review to the Board's opinion. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). We review an IJ's determination that an application for immigration relief has been abandoned for abuse of discretion. *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021). We grant the petition and remand for further proceedings consistent with this opinion.

Cortez-Tellez filed an application for asylum, withholding of removal, and relief under CAT in 2015, claiming that she feared returning to her home country because she was abused by her husband. An IJ held a hearing on this application on June 7, 2016. At that hearing, the IJ informed Cortez-Tellez of her obligation to submit biometrics information as part of her application and explained that the IJ could find that Cortez-Tellez abandoned her application if she did not comply with the biometrics obligation by her next hearing. At that subsequent hearing in May 2019, an IJ confirmed on the record that Cortez-Tellez had not submitted her biometrics information, as she was required to do.

When the IJ asked Cortez-Tellez why she had not fulfilled this requirement, she responded, in essence, that she had forgotten to do so and that she thought that her biometrics would be gathered at the May 2019 hearing. More

specifically, she responded: "Well, honestly, it's something that I did forget, I guess. . . . As a matter of fact, I even thought that maybe it was on this day that I was going to [have] my fingerprints [done] and all that. . . . It was confusion on my part, totally. I accept it." Deeming this representation insufficient to establish good cause that would excuse her failure to submit the required information, the IJ found that Cortez-Tellez had abandoned her application for relief. *See* 8 C.F.R. § 1003.47(c)–(d) (2023) (failure to comply with biometrics requirement constitutes abandonment of application; abandonment may be excused by good cause). The Board agreed with the IJ's findings in full. This appeal followed.

Cortez-Tellez contends that the IJ erred in finding that no good cause excused her failure to comply with the biometrics regulations. In particular, she asserts that, if the IJ and BIA assessed her omission under a totality-of-the-circumstances standard, they would have found good cause for her failure to comply. Given that Cortez-Tellez has been honest and credible in all her representations and has fulfilled all the other requirements necessary to apply for immigration relief, she argues that the BIA and IJ should have excused her failure to comply with the biometrics requirement as an inadvertent and easily rectifiable oversight.

Assessing her failure to comply in light of the entire record, we agree. To begin with, the Government at oral argument conceded that Cortez-Tellez, on top of being credible and honest, completed everything that was otherwise required of her with respect to her application. Moreover, Cortez-Tellez has shown a

willingness to submit her biometrics information at the earliest opportunity. At bottom, then, there is good cause to excuse her failure to comply with the requirement and to permit her another opportunity to do so.

Indeed, the BIA said as much in a case involving nearly identical factual circumstances. In *Matter of L-H-A-*, AXXX XXX 320 (B.I.A. April 29, 2016), the BIA reviewed an IJ's determination that an asylum application's failure to comply with the biometrics requirement constituted abandonment of her applications. Although the applicant was "informed at the time of presenting the [asylum] application . . . of the requirement that [she] submit herself for biometric checks" and offered "forgetfulness" as the sole reason for her failure to comply, the BIA concluded that the applicant "should be provided with a renewed opportunity to comply with the biometrics requirements and present the merits of her [Application for Asylum and for Withholding of Removal]." *Id.* And there, unlike here, it was not clear from the record that the applicant had satisfied all the other requirements to make an asylum application. If anything, then, the case for a finding of good cause is stronger in this case.

**PETITION GRANTED AND CASE REMANDED.**